# Exhibit 2

ELECTRONICALLY FILED
2/1/2023 3:45 PM
26-CV-2023-900012.00

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca<br>26<br><br>Date of Filing:<br>02/01/2023 | CIRCUIT COURT OF<br>DALE COUNTY, ALABAMA<br>DELORES WOODHAM, CLERK<br><br>Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA
### MERAKI HOSPITALITY LLC, DBA RODEWAY INN AND SUITES v. ARCH SPECIALTY INSURANCE COMPANY

| First Plaintiff: | ☑Business | ☐Individual | First Defendant: | ☑Business | ☐Individual |
|---|---|---|---|---|---|
| | ☐Government | ☐Other | | ☐Government | ☐Other |

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☑ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

| HAS JURY TRIAL BEEN DEMANDED? | ☑YES ☐NO | **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure) |
|---|---|---|

**RELIEF REQUESTED:**    ☑MONETARY AWARD REQUESTED  ☐NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| MAH013 | 2/1/2023 3:45:32 PM | /s/ JOHN ROBERT MAHONEY II |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**    ☐YES ☑NO ☐UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**    ☐YES ☑NO

ELECTRONICALLY FILED
2/1/2023 3:45 PM
26-CV-2023-900012.00
CIRCUIT COURT OF
DALE COUNTY, ALABAMA
DELORES WOODHAM, CLERK

## IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

MERAKI HOSPITALITY LLC,
DBA RODEWAY INN AND SUITES     *
      *
     **Plaintiff,**     *
      *
**v.**     *     **Case No.:** _____
      *
**ARCH SPECIALTY**     *
**INSURANCE COMPANY,**     *
      *
     **Defendant.**     *

## COMPLAINT

COMES NOW the PLAINTIFF, Meraki Hospitality LLC, ("Plaintiff"), and hereby states the following in support of its complaint against the DEFENDANT, Arch Insurance Company ("Defendant").

### PARTIES

1. Plaintiff is a corporation engaged in the hospitality business and at all times material hereto, was the owner of the property located at 444 N. Daleville Ave., Daleville, AL 36322.

2. Defendant is a corporation engaged in the business of selling property insurance and doing business in Dale County, Alabama.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to Ala. Code §§ 12-11- 30 because the matter in controversy exceeds the jurisdictional minimum of the Court.

4. Venue is proper pursuant to Ala. Code § 6-3-7 in that the subject insurance policy was issued in Dale County, Alabama; the property that is the subject of the insurance policy at issue is located in Dale County, Alabama; a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Dale County, Alabama; and Defendant has done and continues to do business by agent in Dale County, Alabama.

### FACTUAL ALLEGATIONS

5. Plaintiff purchased a policy from Defendants, policy no. PRP2000337 (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

6.  The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as the "Property"), which is located at 444 N. Daleville Ave., Daleville, AL 36322.

7.  Defendant and/or their agent sold the Policy insuring the Property to Plaintiff.

8.  At all times material hereto, the policy of insurance was in full force and effect.

9.  The policy of insurance provides, in pertinent part, that Defendant provides coverage for property damage, including contents, rendered to Plaintiff's property that is the result of an accident, whether natural in cause or not, and the policy is required to comply with the provisions of Alabama law.

10. On or about March 5, 2020 and March 24, 2020, Plaintiff's Property was damaged due to wind and hail storms at the Property.  The Property's damage constitutes a covered loss under the Policy issued by the Defendant.

11. As a result, Plaintiff sustained damages to the property that required reasonable, related and/or necessary repairs and replacements, as well as appropriate cleaning and other remedial measures.

12. Plaintiff gave timely notice to Defendant of such loss, and did thereafter deliver to Defendant a full and particular account of Plaintiff's expenses and losses as a result of the loss.

13. Defendant assigned claim number Arch# 000013483470.

14. Thereafter, Defendant wrongfully adjusted the Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

15. Defendant made numerous errors in investigating the Plaintiff's claim, as exhibited by its assigned adjusters' method of investigation of the Plaintiff's loss, all of which was designed to intentionally deny the loss incurred by Plaintiff.

16. Defendant failed to fully quantify the Plaintiff's covered loss, and/or intentionally adjusted the Plaintiff's claim improperly, and intentionally delayed their investigation of the Plaintiff's claim.

17. As a result of the Defendant's conduct, the Plaintiff's claim was intentionally and knowingly underpaid and denied.

18. Defendant has failed to establish that it had reasonable proof that it was not responsible for the payment of Plaintiff's damages and/or loss, and has failed to pay the requested amounts for repairs and/or replacement, plus applicable interest, pursuant to the terms of the policy of insurance, in breach of Plaintiff's contract with Defendant.

19.    All conditions precedent to the filing of this action have been complied with, met, or otherwise waived.

## CAUSES OF ACTION

## COUNT I – BREACH OF CONTRACT

20.    Plaintiff hereby adopts the allegations set forth above as if fully re-alleged herein.

21.    As set forth above, the Plaintiff entered an insurance contract with the Defendant wherein the Defendant agreed to pay for all repairs necessitated by damaged caused by a covered loss pursuant to the terms of the Policy.

22.    Defendant has breached this contract and/or the Policy by, among other things, refusing to pay for the costs to repair the damages to the Property caused by the reported wind and hail storms and otherwise acting inconsistent with the Policy and Alabama law.

23.    As a proximate result of the Defendant's breaches of the Policy, the Plaintiff has been damaged and will continue to be damaged.

## COUNT II – BAD FAITH

24.    Plaintiff hereby adopts the allegations set forth above as if fully re-alleged herein.

25.    An insurance contract existed between the Plaintiff and Defendant.

26.    Defendant has intentionally acted in bad faith and breached the above- mentioned Policy and Alabama law by, among other things, refusing to pay under that Policy without any reasonable, legitimate, or arguable reason for doing so.

27.    Defendant has actual knowledge of the absence of any legitimate or arguable reason.

28.    Defendant's intentional and willful failure to properly investigate the loss and pay the insurance claim is in bad faith, and the Plaintiff has been proximately caused to suffer damages as a result of this bad faith refusal to respond and pay its claim.

3

## DEMAND FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff, **MERAKI HOSPITALITY LLC DBA RODEWAY INN & SUITES,** demands judgment against Defendant, **ARCH SPECIALTY INSURANCE COMPANY** as follows:

Awarding PLAINTIFF all compensatory damages, special damages, punitive damages, and other damages to which it is entitled, including all attorney's fees and costs incurred in the prosecution of this action; and awarding such other, further legal, or equitable relief that this Court deems just.

## JURY DEMAND

DEMAND is hereby made for trial by jury of all issues so triable as a matter of right.

Respectfully submitted,

**DATED** this 01 day of February 2023.

**MORGAN LAW GROUP, P.A.**
55 Merrick Way, Suite 404
Coral Gables, Florida 33134
Phone: (305) 569-9900
Fax: (305)443-6828
e-Service: mlg.eservice@morganlawgroup.net

**By:   /s/John Mahoney**
John Robert Mahoney II, Esq.
Alabama Bar No.: 1456M71L
jmahoney@morganlawgroup.net

4

ELECTRONICALLY FILED
2/1/2023 3:45 PM
26-CV-2023-900012.00
CIRCUIT COURT OF
DALE COUNTY, ALABAMA
DELORES WOODHAM, CLERK

# The Morgan Law Group, P.A.



**Put a Policy Advocate on Your Side**

**www.policyadvocate.com** | **Phone: (888) 904-2524** | **Fax: (305) 443-6828**

**Main Office: 55 Merrick Way, Suite 404 | Coral Gables, FL 33134**

**Florida | Louisiana | Mississippi | California | Puerto Rico**

**Served via process server**

**RE:   MERAKI HOSPITALITY LLC, DBA RODEWAY INN AND SUITES v. ARCH SPECIALTY INSURANCE COMPANY**

To Whom It May Concern:

Please provide our office with five or more dates to take the deposition of your corporate representative(s), Field Adjuster who inspected Plaintiff's property and Desk Adjuster in connection with above-referenced matter within thirty (30) days. Please note that the areas of inquiry for these individuals will be as follows:

1.  All issues contained within Plaintiff's Complaint;

2.  Coverage for the Subject Property and damages in this matter;

3.  All coverages, conditions, exclusions, exceptions, definitions, etc. for the Subject Policy.

4.  Damages to the Subject Property at issue in this matter;

5.  Defendant's opinion as to origin and cause of the loss at issue;

6.  Defendant's reason for failing to pay the Subject Claim;

7.  Any computerized damage estimating system used by the Defendant in the Subject Claim;

8.  All of Defendant's defenses to coverage and payment of Plaintiff's damages;

9.  Defendant's Affirmative Defenses;

10. Defendant's responses to Plaintiff's discovery requests;

11. The specific handling and processing of the subject claim, including the investigation, adjustment, and valuation of the claim;

12. Any and all decisions made on behalf of Defendant with regard to the adjustment, investigation, and payment or failure to pay the subject claim and the basis for those decisions;

13. The cause(s) of loss that Defendant attributed to the subject claim and the basis for the determination of the cause of loss;

14. Any damages to the insured property determined by Defendant to have been caused directly or indirectly by the subject incident;

15. The basis for any payment, partial payment, reduction, denial, and/or non-payment of the subject claim;

16. How the events which occurred to cause Plaintiff's damages constitute events excluded from the coverage provided by the subject policy or why Plaintiff's claim and/or damages are not otherwise covered under the policy of insurance;

17. Any post loss conditions and exclusions relied on by Defendant in denying or failing to fully compensate Plaintiff's loss, as well as the corresponding supporting facts, documents and policy language;

18. All documents, correspondence and emails sent by Defendant in any way, shape or form to Plaintiff or Plaintiff's representative(s) relating to the incident alleged in the Complaint at any time from the date of loss to the present date;

19. All photographs, communication, estimates and reports prepared by Defendant for Plaintiff's claim;

20. The factual basis and all policy language including endorsements and amendments upon which Defendant's Answer is based, including all denials and Affirmative Defenses raised by Defendant in this cause; and

21. Defendant's responses to Plaintiff's discovery requests and all facts, documents and policy language which support Defendant's responses to Plaintiff's discovery requests.

22. Defendant's adjustment of the Subject claim;

23. Defendant's evaluation of the Subject Claim;

24. License information for all adjusters and other claim representatives involved with the handling of the Subject Claim;

25. Defendant's inspection of the Subject Property prior to the occurrence of the Subject Loss;

26. Defendant's inspection of the Subject Property subsequent to the occurrence of the Subject Loss;

27. All documents Defendant requested prior to the filing of the present lawsuit and the reason for making the request;

28. The nature, substance and location of all records in Defendant's possession, custody care or control, including expert reports which pertain to the Subject Loss and Subject Claim;

29. Defendant's denial of the Subject Claim, and;

30. Defendant's knowledge of the contents contained within the entire underwriting file an underwriting of the Subject Policy.

This is not an exhaustive list and additional areas of inquiry may be necessary depending upon additional discovery and responses to questions asked at the deposition.

Should you have any questions, please do not hesitate to contact us. In the meantime, I look forward to your anticipated prompt cooperation in this matter. Failure to provide dates within the prescribed time may necessitate the filing of a Motion to Compel.

Respectfully,

Thomas J. Morgan, Jr., Esq.

*/s/ Thomas J. Morgan, Jr.*


ELECTRONICALLY FILED
2/1/2023 3:45 PM
26-CV-2023-900012.00
CIRCUIT COURT OF
DALE COUNTY, ALABAMA
DELORES WOODHAM, CLERK

IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

MERAKI HOSPITALITY LLC,
DBA RODEWAY INN AND SUITES,

     Plaintiff,

vs.

ARCH SPECIALTY INSURANCE COMPANY,

     Defendant.

_____/

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

**COMES NOW**, the Plaintiff, **MERAKI HOSPITALITY LLC, DBA RODEWAY INN AND SUITES,** by and through undersigned counsel, pursuant to Rules 1.280 and 1.340 of the Florida Rules of Civil Procedure, and propounds upon the Defendant, **ARCH SPECIALTY INSURANCE COMPANY,** the attached eleven (11) Interrogatories to be answered under oath and in writing within **forty-five (45) days** after service thereof.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served attached with the Original Summons and Complaint.

John Robert Mahoney II, Esq.
Florida Bar No.: 104369
**MORGAN LAW GROUP, P.A.**
Counsel for Plaintiff
55 Merrick Way, Suite 404
Coral Gables, Florida 33134
Phone: 305.569.9900
Fax   : 305.443.6828

/lp

By:  /s/ John Mahoney
      John Mahoney

## INTERROGATORIES TO DEFENDANT

"You(r)" as used in these Interrogatories means your corporation, company or partnership, or anyone who handles, adjusts or investigates claims on its behalf.

1.      State your complete corporate name, nature of your business, whether you are licensed to do business in the State of Florida, whether you maintain agents for the transacting of your customary business in any particular county, and whether your name as it appears in the Plaintiff's Complaint is correct.

2.      State the name, residence address, business address, telephone number, and position/job title of the individual answering these Interrogatories.

3.      List the names, addresses and telephone numbers of all persons believed or known by you, your agents or attorneys to have knowledge concerning any of the issues raised by the pleadings, specifying the subject matter about which the witnesses have knowledge and state whether you have obtained any statements (oral, written and/or recorded) from any of said witnesses, list the dates any such witness statements were taken, by whom any such witness statements were taken, and who has present possession, custody and control of any such statements.

4.      State any and all provisions of the subject policy relied upon by Defendant for denial, non-payment and/or reduction of Plaintiff's claim.

5.      List the names, residence addresses, business addresses and telephone numbers of all persons who, on your behalf or on behalf of your agents or representatives, have in any way participated in the investigations, adjusting or handling of the Plaintiff's claim involved herein and specify the date and the nature of the participation of each such

person.

6.    Do you intend to call upon any expert witness at the trial of this case?  If so, please identify each witness as follows: his/her name, qualifications as an expert, substance of their opinions to which they are expected to testify, summary of the factual grounds for each opinion, and provide a list of all claim files and/or court cases for which you have hired the same expert witness in the last two (2) years.

.

7.    For any and all policy defenses which you reasonably believe are available with regard to the claim made by the Plaintiff herein: describe in detail the factual and legal basis for any such defenses and give complete names, residence addresses, business addresses, and telephone numbers of each and every person believed or known by you, your agents, representatives, or attorneys, to have any knowledge of the facts which provide the basis for any such defenses.

8.    Provide a complete list of all payments made to or on behalf of the Plaintiff for the subject loss, specifying the nature of the services rendered, the provider of the services, the amount of the charges, the date the charges were incurred, the date you first had notice of the charges, and the date the charges were paid by you.

9.    List the names, addresses and official positions of each and every person in your employ or in the employ of anyone on your behalf, who has had any involvement in the review of the denial or withholding of payment of the Plaintiff's claim and state in what

capacity they were involved, the date they were involved and the nature of their involvement.

10.    With regard to the Plaintiff's First Request to Produce, for each item on the Request to Produce of which you are withholding production claiming any privilege (work product/attorney-client/etc.), please state, with respect to each such document.

(a)    The date of the document; the number of pages of the document; the type of document involved and its general subject matter without disclosing its contents; and, the names, business addresses, residence addresses and telephone numbers of all persons who prepared the document or to whom the document was directed.

(b)    The privilege upon the Defendant relies on withholding the document; all facts upon which the Defendant relies in support of the privilege; the names, business addresses, residence addresses, telephone numbers, positions and occupations of all persons known or believed by Defendant to have knowledge concerning the factual basis for Defendant's assertion of privilege with regard to the documents;

(c)    Any policy provisions, statutory language or case law which Defendant relies upon in claiming the privilege.

11.    With regard to each and every one of the above Interrogatories, for each Interrogatory which you are refusing to answer, claiming a privilege (work product/attorney-client/etc.), please state:

(a)    The privilege upon which Defendant relies in refusing to answer the Interrogatory, and, all facts which are relied upon in support of the privilege.

(b)    The names, residence addresses, business addresses, telephone numbers, positions and occupations of all persons known or believed by Defendant to have knowledge concerning the factual basis for Defendant's assertion of privilege with regard to the information.

(c)     Any policy provisions, statutory language or case law which Defendant relies upon in claiming the privilege.


_____
Affiant:

**STATE OF FLORIDA**     :
                         :
**COUNTY OF _____**  :


**BEFORE ME**, the undersigned authority, personally appeared _____ _____, who, being first duly sworn, on oath deposes and says that the foregoing Answers to Interrogatories are true and correct, and that he/she has read the Answers to Interrogatories and knows the contents thereof.

**SWORN TO AND SUBSCRIBED** before me this ___ day of _____, 20___.


_____
NOTARY PUBLIC

My commission expires:

ELECTRONICALLY FILED
2/1/2023 3:45 PM
26-CV-2023-900012.00
CIRCUIT COURT OF
DALE COUNTY, ALABAMA
DELORES WOODHAM, CLERK



IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

MERAKI HOSPITALITY LLC,
DBA RODEWAY INN AND SUITES,

      Plaintiff,

vs.

ARCH SPECIALTY INSURANCE COMPANY,

      Defendant.

_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT

**COMES NOW**, the Plaintiff, **MERAKI HOSPITALITY LLC, DBA RODEWAY INN AND SUITES**, by and through undersigned counsel, pursuant to Florida Rules of Civil Procedure 1.370, and hereby serves **ARCH SPECIALTY INSURANCE COMPANY**, with its First Request for Admissions to be admitted or denied within **forty-five (45) days** after service thereof, and in support thereof states:

1. Admit that you do not dispute the cause of loss as alleged in Paragraph 8 of the Complaint.

2. Admit that you do not dispute the date of loss as alleged in Paragraph 8 of the Complaint.

3. Admit that the policy described in Paragraph 5 of the Complaint was in full force and effect on or about the date of loss alleged in Paragraph 8 of the Complaint.

4. Admit that Plaintiff(s) complied with all of the post loss duties under the policy described in Paragraph 5 of the Complaint.

5.  Admit that Plaintiff(s) complied with all of the conditions precedent under the policy described in Paragraph 5 of the Complaint.

6.  Admit that Defendant's investigation of the loss described in Paragraph 8 of the Complaint was not prejudiced by the acts or omissions of Plaintiff(s).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served attached with the Original Summons and Complaint.

> John Robert Mahoney II, Esq.
> Florida Bar No.: 104369
> **MORGAN LAW GROUP, P.A.**
> *Counsel for Plaintiff*
> 55 Merrick Way, Suite 404
> Coral Gables, Florida 33134
> Phone: 305.569.9900
> Fax  : 305.443.6828

/lp

> By:  /s/ John Mahoney
> John Mahoney

ELECTRONICALLY FILED
2/1/2023 3:45 PM
26-CV-2023-900012.00
CIRCUIT COURT OF
DALE COUNTY, ALABAMA
DELORES WOODHAM, CLERK



IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

MERAKI HOSPITALITY LLC,
DBA RODEWAY INN AND SUITES,

    Plaintiff,

vs.

ARCH SPECIALTY INSURANCE COMPANY,

    Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT

**COMES NOW**, the Plaintiff, **MERAKI HOSPITALITY LLC, DBA RODEWAY INN AND SUITES,** by and through undersigned counsel, pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby requests the Defendant, **ARCH SPECIALTY INSURANCE COMPANY,** produce legible copies of the following documents to the Plaintiff within **forty (45) days** after service of this request:

1.    A true and correct certified copy of the applicable insurance policy issued by Defendant to Plaintiff, including any and all endorsements in effect at the time of the subject loss.

2.    Any and all time sheets, logs and/or other documents reflecting the time spent by Defendant and/or it's agents at the Plaintiff's property after notification of the subject loss.

3.    Any and all statements, whether written, oral or recorded, taken of the Plaintiff(s) and/or their agents, servants, employees, etc., in regards to the subject matter of

this litigation.

4.   Any and all statements, whether written, oral or recorded, taken of non-parties in regards to the subject matter of this litigation.

5.   Any and all invoices and bills reflecting payments made by the Plaintiff with regards to premiums for the subject policy issued by Defendant.

6.   Any and all correspondence or other written communication from Defendant to Plaintiff or Plaintiff's representatives, relating in any manner to the subject loss.

7.   Any and all correspondence or other written communication from Plaintiff or Plaintiff's representatives, relating in any manner to the subject loss prior to the institution of this litigation.

8.   Any and all photographs, videos and/or drawings made by Defendant or it's agents and/or representatives of the Plaintiff's property which is the subject matter of this litigation.

9.   A copy of the entire underwriting file for the subject policy of insurance.

10.  A copy of the entire claim file, including any table of contents, computer notations, summaries, for the subject loss, excluding any documents to which a privilege claim may exist.  Please provide a 'Privilege Log' detailing any such documents that are being withheld and the basis for the privilege.

11.  Any and all policies, rules, regulations, memorandums, guidelines and/or procedure manuals regarding Defendant's process for investigating, evaluating and/or settling of homeowner claims.

12.  Any and all manuals, instructions and/or other materials relied upon by Defendant

in the training of adjusters and/or appraisers regarding homeowner claims.

13. Any and all estimates prepared by Defendant and/or it's agents and/or representatives regarding the subject claim of the Plaintiff.

14. Any and all reports and/or other documents prepared by experts retained in this matter on behalf of the Defendant.

15. A copy of any and all reports by any general contractor, engineer, roofer, electrician or other construction personnel hired by Defendant to examine and/or evaluate any aspect of the Plaintiff's subject claim.

16. Copies of any and all drafts issued by Defendant to the Plaintiff for payment of any aspect of the Plaintiff's subject claim.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served attached with the Original Summons and Complaint

John Robert Mahoney II, Esq.
Florida Bar No.: 104369
**MORGAN LAW GROUP, P.A.**
Counsel for Plaintiff
55 Merrick Way, Suite 404
Coral Gables, Florida 33134
Phone: 305.569.9900
Fax   : 305.443.6828

/lp

By:  /s/ John Mahoney
     John Mahoney



**AlaFile E-Notice**

26-CV-2023-900012.00

To:  JOHN ROBERT MAHONEY II
jmahoney@morganlawgroup.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

MERAKI HOSPITALITY LLC, DBA RODEWAY INN AND SUITES V. ARCH SPECIALTY I
26-CV-2023-900012.00

The following complaint was FILED on 2/1/2023 3:45:38 PM

Notice Date:     2/1/2023 3:45:38 PM

DELORES WOODHAM
CIRCUIT COURT CLERK
DALE COUNTY, ALABAMA
P.O BOX 1350
OZARK, AL, 36361

334-774-5003



**AlaFile E-Notice**

26-CV-2023-900012.00

To: ARCH SPECIALTY INSURANCE COMPANY
HARBORSIDE 3
210 HUDSON STREET
JERSEY CITY, NJ, 07311

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

MERAKI HOSPITALITY LLC, DBA RODEWAY INN AND SUITES V. ARCH SPECIALTY I
26-CV-2023-900012.00

The following complaint was FILED on 2/1/2023 3:45:38 PM

Notice Date:    2/1/2023 3:45:38 PM

DELORES WOODHAM
CIRCUIT COURT CLERK
DALE COUNTY, ALABAMA
P.O BOX 1350
OZARK, AL, 36361

334-774-5003

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>26-CV-2023-900012.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA**
**MERAKI HOSPITALITY LLC, DBA RODEWAY INN AND SUITES V. ARCH SPECIALTY I**

**NOTICE TO:** ARCH SPECIALTY INSURANCE COMPANY, HARBORSIDE 3 210 HUDSON STREET, JERSEY CITY, NJ 07311

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN ROBERT MAHONEY II

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 25 W CEDAR ST., STE. 535, PENSACOLA, FL 32502

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure. *[Name(s)]*

| 02/01/2023 | /s/ DELORES WOODHAM | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested. _____

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*      *(Name of County)*

Alabama on _____.

*(Date)*

_____      *(Address of Server)*

*(Type of Process Server)*      *(Server's Signature)*

*(Server's Printed Name)*      *(Phone Number of Server)*

 ELECTRONICALLY FILED
2/3/2023 9:13 AM
26-CV-2023-900012.00
CIRCUIT COURT OF
DALE COUNTY, ALABAMA
DELORES WOODHAM, CLERK

IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

MERAKI HOSPITALITY LLC,                              CASE NO.:CV-2023-900012.00
DBA RODEWAY INN AND SUITES,

  Plaintiff,

vs.

ARCH SPECIALTY INSURANCE COMPANY,

  Defendant.

            /

## PLAINTIFF'S AMENDED FIRST INTERROGATORIES TO DEFENDANT

**COMES NOW**, the Plaintiff, **MERAKI HOSPITALITY LLC, DBA RODEWAY INN AND SUITES**, by and through undersigned counsel, pursuant to Alabama Rules of Civil Procedure, and propounds upon the Defendant, **ARCH SPECIALTY INSURANCE COMPANY,** the attached eleven (11) Interrogatories to be answered under oath and in writing within **forty-five (45) days** after service thereof.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served attached with the Original Summons and Complaint.

John Robert Mahoney II, Esq.
Alabama Bar No.: 1456M71L
**MORGAN LAW GROUP, P.A.**
Counsel for Plaintiff
55 Merrick Way, Suite 404
Coral Gables, Florida 33134
Phone: 305.569.9900
Fax   : 305.443.6828

/lp

By:   /s/ John Mahoney
   John Mahoney

## INTERROGATORIES TO DEFENDANT

"You(r)" as used in these Interrogatories means your corporation, company or partnership, or anyone who handles, adjusts or investigates claims on its behalf.

1.    State your complete corporate name, nature of your business, whether you are licensed to do business in the State of Alabama, whether you maintain agents for the transacting of your customary business in any particular county, and whether your name as it appears in the Plaintiff's Complaint is correct.

2.    State the name, residence address, business address, telephone number, and position/job title of the individual answering these Interrogatories.

3.    List the names, addresses and telephone numbers of all persons believed or known by you, your agents or attorneys to have knowledge concerning any of the issues raised by the pleadings, specifying the subject matter about which the witnesses have knowledge and state whether you have obtained any statements (oral, written and/or recorded) from any of said witnesses, list the dates any such witness statements were taken, by whom any such witness statements were taken, and who has present possession, custody and control of any such statements.

4.    State any and all provisions of the subject policy relied upon by Defendant for denial, non-payment and/or reduction of Plaintiff's claim.

5.    List the names, residence addresses, business addresses and telephone numbers of all persons who, on your behalf or on behalf of your agents or representatives, have in any way participated in the investigations, adjusting or handling of the Plaintiff's claim involved herein and specify the date and the nature of the participation of each such

person.

6.      Do you intend to call upon any expert witness at the trial of this case? If so, please identify each witness as follows: his/her name, qualifications as an expert, substance of their opinions to which they are expected to testify, summary of the factual grounds for each opinion, and provide a list of all claim files and/or court cases for which you have hired the same expert witness in the last two (2) years.

7.      For any and all policy defenses which you reasonably believe are available with regard to the claim made by the Plaintiff herein: describe in detail the factual and legal basis for any such defenses and give complete names, residence addresses, business addresses, and telephone numbers of each and every person believed or known by you, your agents, representatives, or attorneys, to have any knowledge of the facts which provide the basis for any such defenses.

8.      Provide a complete list of all payments made to or on behalf of the Plaintiff for the subject loss, specifying the nature of the services rendered, the provider of the services, the amount of the charges, the date the charges were incurred, the date you first had notice of the charges, and the date the charges were paid by you.

9.      List the names, addresses and official positions of each and every person in your employ or in the employ of anyone on your behalf, who has had any involvement in the review of the denial or withholding of payment of the Plaintiff's claim and state in what

capacity they were involved, the date they were involved and the nature of their involvement.

10.    With regard to the Plaintiff's First Request to Produce, for each item on the Request to Produce of which you are withholding production claiming any privilege (work product/attorney-client/etc.), please state, with respect to each such document.

(a)    The date of the document; the number of pages of the document; the type of document involved and its general subject matter without disclosing its contents; and, the names, business addresses, residence addresses and telephone numbers of all persons who prepared the document or to whom the document was directed.

(b)    The privilege upon the Defendant relies on withholding the document; all facts upon which the Defendant relies in support of the privilege; the names, business addresses, residence addresses, telephone numbers, positions and occupations of all persons known or believed by Defendant to have knowledge concerning the factual basis for Defendant's assertion of privilege with regard to the documents;

(c)    Any policy provisions, statutory language or case law which Defendant relies upon in claiming the privilege.

11.    With regard to each and every one of the above Interrogatories, for each Interrogatory which you are refusing to answer, claiming a privilege (work product/attorney-client/etc.), please state:

(a)    The privilege upon which Defendant relies in refusing to answer the Interrogatory, and, all facts which are relied upon in support of the privilege.

(b)    The names, residence addresses, business addresses, telephone numbers, positions and occupations of all persons known or believed by Defendant to have knowledge concerning the factual basis for Defendant's assertion of privilege with regard to the information.

(c)    Any policy provisions, statutory language or case law which Defendant relies upon in claiming the privilege.

_____
Affiant:

**STATE OF ALABAMA**    :
                                          :
**COUNTY OF _____** :

**BEFORE ME**, the undersigned authority, personally appeared _____

_____, who, being first duly sworn, on oath deposes and says that the foregoing Answers to Interrogatories are true and correct, and that he/she has read the Answers to Interrogatories and knows the contents thereof.

**SWORN TO AND SUBSCRIBED** before me this ___ day of _____, 20___.

_____
NOTARY PUBLIC

My commission expires:

ELECTRONICALLY FILED
2/3/2023 9:13 AM
26-CV-2023-900012.00
CIRCUIT COURT OF
DALE COUNTY, ALABAMA
DELORES WOODHAM, CLERK

IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

MERAKI HOSPITALITY LLC,                    CASE NO.:CV-2023-900012.00
DBA RODEWAY INN AND SUITES,

      Plaintiff,

vs.

ARCH SPECIALTY INSURANCE COMPANY,

      Defendant.

_____/

## PLAINTIFF'S AMENDED REQUEST FOR ADMISSIONS TO DEFENDANT

**COMES NOW**, the Plaintiff, **MERAKI HOSPITALITY LLC, DBA RODEWAY INN AND SUITES**, by and through undersigned counsel, pursuant to Alabama Rules of Civil Procedure, and hereby serves **ARCH SPECIALTY INSURANCE COMPANY**, with its First Request for Admissions to be admitted or denied within **forty-five (45) days** after service thereof, and in support thereof states:

1. Admit that you do not dispute the cause of loss as alleged in Paragraph 8 of the Complaint.

2. Admit that you do not dispute the date of loss as alleged in Paragraph 8 of the Complaint.

3. Admit that the policy described in Paragraph 5 of the Complaint was in full force and effect on or about the date of loss alleged in Paragraph 8 of the Complaint.

4. Admit that Plaintiff(s) complied with all of the post loss duties under the policy described in Paragraph 5 of the Complaint.

5. Admit that Plaintiff(s) complied with all of the conditions precedent under the policy described in Paragraph 5 of the Complaint.

6. Admit that Defendant's investigation of the loss described in Paragraph 8 of the Complaint was not prejudiced by the acts or omissions of Plaintiff(s).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served attached with the Original Summons and Complaint.

John Robert Mahoney II, Esq.
Alabama Bar No.: 1456M71L
**MORGAN LAW GROUP, P.A.**
*Counsel for Plaintiff*
55 Merrick Way, Suite 404
Coral Gables, Florida 33134
Phone: 305.569.9900
Fax   : 305.443.6828

/lp

By:   /s/ John Mahoney
      John Mahoney

ELECTRONICALLY FILED
2/3/2023 9:13 AM
26-CV-2023-900012.00
CIRCUIT COURT OF
DALE COUNTY, ALABAMA
DELORES WOODHAM, CLERK

IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

MERAKI HOSPITALITY LLC,
DBA RODEWAY INN AND SUITES,

CASE NO.:CV-2023-900012.00

Plaintiff,

vs.

ARCH SPECIALTY INSURANCE COMPANY,

Defendant.

_____/

## PLAINTIFF'S AMENDED FIRST REQUEST TO PRODUCE TO DEFENDANT

**COMES NOW**, the Plaintiff, **MERAKI HOSPITALITY LLC, DBA RODEWAY INN AND SUITES**, by and through undersigned counsel, pursuant to Alabama Florida Rules of Civil Procedure, hereby requests the Defendant, **ARCH SPECIALTY INSURANCE COMPANY,** produce legible copies of the following documents to the Plaintiff within **forty (45) days** after service of this request:

1. A true and correct certified copy of the applicable insurance policy issued by Defendant to Plaintiff, including any and all endorsements in effect at the time of the subject loss.

2. Any and all time sheets, logs and/or other documents reflecting the time spent by Defendant and/or it's agents at the Plaintiff's property after notification of the subject loss.

3. Any and all statements, whether written, oral or recorded, taken of the Plaintiff(s) and/or their agents, servants, employees, etc., in regards to the subject matter of

this litigation.

4.    Any and all statements, whether written, oral or recorded, taken of non-parties in regards to the subject matter of this litigation.

5.    Any and all invoices and bills reflecting payments made by the Plaintiff with regards to premiums for the subject policy issued by Defendant.

6.    Any and all correspondence or other written communication from Defendant to Plaintiff or Plaintiff's representatives, relating in any manner to the subject loss.

7.    Any and all correspondence or other written communication from Plaintiff or Plaintiff's representatives, relating in any manner to the subject loss prior to the institution of this litigation.

8.    Any and all photographs, videos and/or drawings made by Defendant or it's agents and/or representatives of the Plaintiff's property which is the subject matter of this litigation.

9.    A copy of the entire underwriting file for the subject policy of insurance.

10.   A copy of the entire claim file, including any table of contents, computer notations, summaries, for the subject loss, excluding any documents to which a privilege claim may exist. Please provide a 'Privilege Log' detailing any such documents that are being withheld and the basis for the privilege.

11.   Any and all policies, rules, regulations, memorandums, guidelines and/or procedure manuals regarding Defendant's process for investigating, evaluating and/or settling of homeowner claims.

12.   Any and all manuals, instructions and/or other materials relied upon by Defendant

in the training of adjusters and/or appraisers regarding homeowner claims.

13.  Any and all estimates prepared by Defendant and/or it's agents and/or representatives regarding the subject claim of the Plaintiff.

14.  Any and all reports and/or other documents prepared by experts retained in this matter on behalf of the Defendant.

15.  A copy of any and all reports by any general contractor, engineer, roofer, electrician or other construction personnel hired by Defendant to examine and/or evaluate any aspect of the Plaintiff's subject claim.

16.  Copies of any and all drafts issued by Defendant to the Plaintiff for payment of any aspect of the Plaintiff's subject claim.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served attached with the Original Summons and Complaint

John Robert Mahoney II, Esq.
Alabama Bar No.: 1456M71L
**MORGAN LAW GROUP, P.A.**
Counsel for Plaintiff
55 Merrick Way, Suite 404
Coral Gables, Florida 33134
Phone: 305.569.9900
Fax   : 305.443.6828

/lp

By:   /s/ John Mahoney
John Mahoney



AlaFile E-Notice

26-CV-2023-900012.00

To:   JOHN ROBERT MAHONEY II
      jmahoney@morganlawgroup.net

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

MERAKI HOSPITALITY LLC, DBA RODEWAY INN AND SUITES V. ARCH SPECIALTY I
26-CV-2023-900012.00

The following discovery was FILED on 2/3/2023 9:13:29 AM

Notice Date:      2/3/2023 9:13:29 AM

DELORES WOODHAM
CIRCUIT COURT CLERK
DALE COUNTY, ALABAMA
P.O BOX 1350
OZARK, AL, 36361

334-774-5003



AlaFile E-Notice

26-CV-2023-900012.00

To: ARCH SPECIALTY INSURANCE COMPANY (PRO SE)
HARBORSIDE 3
210 HUDSON STREET
JERSEY CITY, NJ, 07311-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

MERAKI HOSPITALITY LLC, DBA RODEWAY INN AND SUITES V. ARCH SPECIALTY I
26-CV-2023-900012.00

The following discovery was FILED on 2/3/2023 9:13:29 AM

Notice Date:     2/3/2023 9:13:29 AM

DELORES WOODHAM
CIRCUIT COURT CLERK
DALE COUNTY, ALABAMA
P.O BOX 1350
OZARK, AL, 36361

334-774-5003